IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF THE
INDYMAC INDX MORTGAGE LOAN
TRUST 2006-AR15, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-
AR15 UNDER THE POOLING AND
SERVICING AGREEMENT DATED MAY 1,
2006,

        Plaintiff,

   v.

ROGELIO BALTAZAR; DOLORES
BALTAZAR; et al.,

        Defendants.
_____/

No. C 12-2281 PJH

**ORDER REMANDING CASE**

      Dolores Baltazar, defendant in the above-entitled action, removed this action from the Superior Court of California, County of Alameda, on May 7, 2012, alleging diversity jurisdiction and also possibly federal question jurisdiction.  Both Dolores Baltazar and Rogelio Baltazar (named as a defendant in the state court action, but not listed as a removing defendant in the notice of removal) also seek leave to proceed in forma pauperis.

      This is an unlawful detainer action brought by plaintiff Deutsche Bank National Trust Company, as Trustee of the Indymac Indx Mortgage Loan Trust 2006-AR15, Mortgage Pass-Through Certificates, Series 2006-AR15 under the Pooling and Servicing Agreement dated May 1, 2006 ("DBNTC") against defendants Dolores Baltazar and Rogelio Baltazar. The action was filed following an April 15, 2010 non-judicial foreclosure sale of residential property previously owned by defendants.  On April 20, 2010, DBNTC served defendants a three-day written notice to quit.

Defendants failed to vacate the premises at the end of the three-day period. DBNTC filed the unlawful detainer complaint as Case No. HG10512688 in Alameda County Superior Court on May 3, 2010. DBNTC seeks to recover possession of the property, and also seeks damages at the rate of $50.00 per day from April 23, 2010 until the date of judgment. On May 7, 2012, Dolores Baltazar filed a notice of removal, and the case was removed to this court as Case No. C12-2281.

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

For purposes of removal, the party seeking removal carries the burden of establishing federal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). The district court shall remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); see also Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 638 (2009). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 747 (2012) (quoting 28 U.S.C. § 1331); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) ("[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction").

Subject matter jurisdiction is determined from the face of the complaint. See Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint")); see also Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970)

1  (existence of diversity jurisdiction must be sufficient on the face of the complaint).
2  Jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2
3  America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing Vaden
4  v. Discover Bank, 556 U.S. 49, 59 (2009)).

5    In this case, no federal question appears on the face of the complaint. Dolores Baltazar asserts that jurisdiction is proper under the laws of the United States, but does not point to anything in the complaint to support that allegation. Nor, indeed, has the court located anything in the complaint that raised a federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a(b)(3). As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.

   Additionally, there is no diversity jurisdiction. While it appears that Dolores Baltazar and DBNTC may be citizens of different states, the complaint seeks a money judgment of $50.00 per day, and specifies that the demand is "less than $10,000." Thus, the amount-in-controversy requirement is not met. See 28 U.S.C. § 1332(a). Moreover, removal through diversity jurisdiction is not available to defendants that are citizens of the state in which the state action was brought. Lincoln Property Co. v. Roche, 546 U.S. 81, 83-4 (2005) (citing 28 U.S.C. § 1441(b)). Therefore, Dolores Baltazar, as a resident of California, is not eligible to remove the case on grounds of diversity jurisdiction.

   Remand is appropriate for two additional reasons. First, all proper defendants in an action must join or consent to a notice of removal. See 28 U.S.C. § 1446(b)(2); see also Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1990)). Here, only Dolores Baltazar is listed on the notice of removal, thus, Rogelio Baltazar's absence is a procedural defect. Second, as a general rule "[a] defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading." Destfino v. Reiswig, 630 F.3d 952, 954 (9th Cir. 2011) (citing 28 U.S.C. § 1446(b)). Dolores Baltazar's notice of removal is untimely, as it was filed more than two years after

3

receipt of the initial complaint.

Accordingly, the action is hereby REMANDED to the Alameda County Superior Court. Defendants' applications to proceed forma pauperis are DENIED as moot.

**IT IS SO ORDERED.**

Dated: June 13, 2012

PHYLLIS J. HAMILTON
United States District Judge

4